CSN Realty Corp v 2252 Third Ave. LLC (2024 NY Slip Op 05275)

CSN Realty Corp v 2252 Third Ave. LLC

2024 NY Slip Op 05275

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Manzanet-Daniels, J.P., Pitt-Burke, Rosado, O'Neill Levy, Michael, JJ. 

Index No. 657221/21 Appeal No. 3005-3006 Case No. 2023-04957, 2023-04958 

[*1]CSN Realty Corp, Plaintiff-Respondent,
v
2252 Third Avenue LLC, Defendant-Appellant. 

Kasowitz Benson Torres LLP, New York (Joshua A. Siegel of counsel), for appellant.
Oved & Oved LLP, New York (James Reilly of counsel), for respondent.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered August 28, 2023, awarding plaintiff damages, and bringing up for review an order, same court and Justice, entered on or about July 21, 2023, which granted plaintiff's motion for summary judgment on its breach of contract claim, unanimously modified, on the law, to reduce the principal amount of the judgment by $600,000, and otherwise affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendant's failure to tender performance at the time-of-the-essence closing constituted a default, and defendant failed to raise an issue of fact in opposition to plaintiff's prima facie showing that it was ready, willing, and able to perform on the time-of-the-essence closing date (see Donerail Corp. N.V. v 405 Park LLC, 100 AD3d 131, 137-138 [1st Dept 2012]). Plaintiff's failure to secure a payoff letter concerning an existing mortgage on the property prior to closing does not create an issue of fact as to plaintiff's readiness to close, as "Existing Mortgage(s)" were "Permitted Exceptions" under the contract, and the sale proceeds were sufficient to cover the mortgage amount. Defendant otherwise raises minor issues which could have been resolved at the closing had defendant appeared. Because defendant failed to raise an issue of fact, or provide a lawful excuse for its failure to close, plaintiff was entitled to retain the contract deposit of $600,000 (see Diplomat Props., L.P. v Komar Five Assoc., LLC, 72 AD3d 596, 600 [1st Dept 2010], lv denied 15 NY3d 706 [2010]).
The judgment properly included payment amounts promised by defendant in the second amendment to the contract. The second amendment provided for additional payments by defendant in exchange for an extension of the closing date set forth in the contract, and that those payments were "in addition to any other remedies that [plaintiff] may have under the Contract." Defendant's reading of the contract's "sole remedy" provision as overriding the express subsequent agreement of the parties is inconsistent with contract interpretation principles, which dictate that "a contract must be construed in a manner which gives effect to each and every part, so as not to render any provision meaningless or without force or effect" (Matter of 195 B Owner LLC v Anthropologie, Inc., 228 AD3d 418, 419 [1st Dept 2024] [internal quotation marks omitted]).
The judgment on appeal incorrectly includes in the principal amount the $600,000 deposit already paid to plaintiff. Following defendant's appeal, Supreme
Court granted plaintiff's motion to amend the judgment to reduce the principal by that amount. Accordingly, the judgment should be modified to reduce the principal amount by $600,000.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024